IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV286-03-MU

| | |
|---|---|
| SHAWN LEE LEGRAND,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE B. SHAW, Mountain View Correctional Inst. Nurse, PHYLLIS BUCHANNAN, Mountain View Correctional Inst. Nurse, DAVID MITCHELL, Superintendent Mountain View Correctional Inst.,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, initially filed April 14, 2005 in the Eastern District of North Carolina. By Order dated August 11, 2005, the case was transferred to this district.

Plaintiff alleges that beginning on June 27, 2004 he began experiencing soreness in his rectum. On June 29, 2004 while in medical to receive his medication for a back problem, he began to sweat profusely and had trouble walking. He informed Nurse Buchannan of his symptoms and she conferred with another nurse. Nurse Buchannan came back to Mr. Legrand and explained that he could not declare a medical emergency inside medical. Plaintiff was seen that afternoon and treated for hemorrhoids. Plaintiff was placed on the list to see the doctor the following day. The following day, Dr. Noser diagnosed Plaintiff with a prostrate infection and started Plaintiff on antibiotics. On July 2, 2004, Plaintiff was taken to medical because he was in severe pain and was sweating profusely. Nurse Shaw refused to treat Plaintiff because he already had already seen the

doctor and was given everything he needed. On July 4, 2004 while in medical getting his medication, Plaintiff reported to Officer Cole that he was still in severe pain because of swelling in his rectum area, he could hardly walk, he had a fever and was sweating profusely. Nurse Buchanan was notified told Officer Cole that Plaintiff could not declare a medical emergency while inside medical. Plaintiff was told to leave. Later that day Plaintiff was taken to the hospital and diagnosed with a perirectal abbess which required surgery.

The defendants named in Plaintiff's Complaint are the superintendent of Mountain View Correctional Institution and Nurses Phyllis Buchannan and Danielle Shaw. As to Defendants Buchannan and Shaw, the Court finds that the Defendants should file an answer detailing Plaintiff's allegations as to these defendants.

Defendant David Mitchell is dismissed. In general, respondeat superior is inapplicable in § 1983 suits. However, liability may attach to a supervisor or official if the conduct directly causing the deprivation was undertaken to effectuate official policy or custom for which the official is responsible. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff does not allege that Defendant Mitchell was specifically involved with his treatment in medical and cites only to an emergency grievance policy which states that if an inmate is in need of urgent medical care he/she should go to a medical or custodial staff member. Plaintiff does not allege facts which would support liability against Defendant Mitchell. Therefore, there is no valid cause of action against him and he is dismissed from the case.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that

1. The claim against Defendant Mitchell is dismissed.

2. No later than forty (40) days from the filing of this Order, the remaining Defendants shall

file an Answer to Plaintiff's Complaint detailing all of Plaintiff's allegations and responding to each.

3. The Clerk shall issue summons and deliver it forthwith to the United States Marshall who will make service of process without additional cost.

**Signed: August 29, 2005**

Graham C. Mullen
Chief United States District Judge