IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV286-03-MU

| | |
|---|---|
| SHAWN LEE LEGRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DANIELLE B. SHAW, Mountain View ) | |
| Correctional Inst. Nurse, PHYLLIS ) | |
| BUCHANNAN, Mountain View Correctional ) | |
| Inst. Nurse, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, initially filed April 14, 2005 in the Eastern District of North Carolina,[1] Defendants' Motion for Summary Judgement (Document No. 15), and Plaintiff's response in opposition (Document No. 24.) By Order dated August 29, 2005, this Court dismissed David Mitchell, Superintendent of Mountain View Correctional.

## I. FACTUAL ALLEGATIONS

Plaintiff alleges that beginning on June 27, 2004 he began experiencing soreness in his rectum. Plaintiff was placed on the sick-call list for June 29, 2004. On June 29, 2004 while in medical to receive his medication for a back problem, he began to sweat profusely and had trouble walking. He informed Officer N. Buchanan[2] of his symptoms and he conferred with Nurse McGee.

---

[1] By Order dated August 11, 2005, the case was transferred to this district.

[2] To be clear, Petitioner alleges that on June 29, 2004 he told Officer N. Buchanan about his symptoms, not Nurse Phyllis Buchanan who is a defendant. The Court may have missed that distinction in its earlier Order.

After conferring with Nurse McGee, Officer N. Buchanan came back to Mr. Legrand and explained that he could not declare a medical emergency inside medical. Plaintiff was seen that afternoon and treated for hemorrhoids. Plaintiff was placed on the list to see the doctor the following day. The following day, Dr. Noser diagnosed Plaintiff with a prostrate infection and started Plaintiff on antibiotics. On July 2, 2004, Plaintiff was taken to medical because he was in severe pain and was sweating profusely. Plaintiff was seen by Defendant Nurse Danielle Shaw who, according to Plaintiff, "started loud talking me, telling me that she wasn't going to do anything, that the F.N.P. game me what she wanted me to have, my temperature nor blood pressure was taken, even though I complained and pleaded that something was wrong with me I was made to leave.'" (Complaint at 4.)

On July 4, 2004 while in medical getting his pain medication for his back, Plaintiff reported to Officer Cole that he was still in severe pain because of swelling in his rectum area, he could hardly walk, he had a fever and was sweating profusely. Defendant Nurse Phyllis Buchanan was notified told Officer Cole that Plaintiff could not declare a medical emergency while inside medical. Plaintiff was told to leave. Later that day, Nurse Buchannan was called to Plaintiff's cell and Plaintiff was taken to the hospital and diagnosed with a perirectal abscess which required surgery.

## II. ANALYSIS

Plaintiff claims that Nurse Danielle Shaw and Nurse Phyllis Buchannan were deliberately indifferent to his medical needs. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either

actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estell, 492 U.S. 97 (1976). Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Negligence in the context of a medical claim is simply not sufficient to state a claim for relief. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

**1. Nurse Danielle Shaw**

With respect to Defendant Nurse Shaw, Plaintiff alleges that when he was taken to medical on July 2, 2004 due to severe rectal pain, Nurse Shaw refused to see him because he had already been seen on June 30, 2004 by the Family Nurse Practitioner who had diagnosed Petitioner with prostatitis and had prescribed medications for it. Plaintiff alleges that Nurse Shaw did not even take his temperature.

According to Nurse Shaw, she did see Plaintiff during the middle of the night on July 2, 2004.[3] While Plaintiff alleges that Nurse Shaw refused to take his temperature, medical records attached to Defendants' Motion for Summary Judgment reveal that and Nurse Shaw did take Plaintiff's temperature, which was normal. Nurse Shaw reviewed Plaintiff's medical record and noticed that he had seen the Family Nurse Practitioner only a few days prior and she had diagnosed

---

[3] Medical records attached to Defendants' Motion for Summary Judgment show that the date was actually July 3, 2004 at 2:15 a.m.

Petitioner with prostatitis and prescribed medications for it. Nurse Shaw is not authorized to diagnosis illnesses or prescribe medications. Medical records indicate that Nurse Shaw explained to Petitioner that the medicine prescribed by the Family Nurse Practitioner may take a few days to cease his infection.

Taking Plaintiff's allegations as true, except the allegations regarding Nurse Shaw failing to take his temperature which is directly refuted by medical records, Plaintiff has failed to state a claim for deliberate indifference under the eighth amendment. Nurse Shaw was relying on the Family Nurse Practitioner's June 30, 2004 diagnosis of prostatitis. The fact that the Family Nurse Practitioner's diagnosis turned out to be wrong, does not amount to deliberate indifference on Nurse Shaw's part. Medical documentation supports that Nurse Shaw took Plaintiff's temperature, which was normal and reassured him that sometimes it take a few days for medicines to fight infection. (See Plaintiff's medical record, attached to Defendants' Motion for Summary Judgment.) While Plaintiff might have wanted Nurse Shaw to do more, "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). Nurse Shaw's actions do not amount to deliberate indifference. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). While Plaintiff believes that his medical records may have been altered because he states that his temperature was never taken, even assuming Nurse Shaw did not take Plaintiff's temperature, at most she was negligent for not doing more to treat Plaintiff. Given Plaintiff's recent diagnosis, it seems appropriate for Nurse Shaw to have relied on the Family Nurse Practitioner's diagnosis. Moreover, negligence in the context of a medical claim is simply not sufficient to state a claim for relief. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Negligence

**2. Nurse Phyllis Buchannan**

With respect to Nurse Phyllis Buchannan, Plaintiff alleges that on July 4, 2004 while in medical getting his pain medication for his back, Plaintiff reported to Officer Cole that he was still in severe pain because of swelling in his rectum area, he could hardly walk, he had a fever and was sweating profusely. Defendant Nurse Phyllis Buchanan told Officer Cole that Plaintiff could not declare a medical emergency while inside medical. Plaintiff was told to leave. Later that day, Nurse Buchannan was called to Plaintiff's cell and Plaintiff was taken to the hospital and diagnosed with a perirectal abscess which required surgery.

According to Nurse Buchannan, Plaintiff did come to the pill window on July 4, 2004 insisting that she stop what she was doing and take his temperature. Plaintiff was informed that he could not simply show up at the pill window and make such a request without first declaring a medical emergency. Plaintiff was told that he would not be charged for declaring an emergency if, in fact, it was an emergency. However, Plaintiff declined to declare a medical emergency and instead returned to his cell. Later that same day, Nurse Buchannan was called to Plaintiff's cell and discovered that fluid was seeping from Plaintiff's rectum. Nurse Buchannan promptly arranged to have Plaintiff sent to the hospital where he required surgery for a perirectal abscess

Taking Plaintiff's allegations as true, Plaintiff has not state a claim for relief for deliberate indifference under the eighth amendment. At most, Plaintiff and Nurse Buchannan disagreed over whether Plaintiff needed treatment and or his temperature taken when he came to the pill window to pick up pain medicine for his back on July 4, 2004. However, "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). There is no allegation that Nurse Buchannan knew of a serious medical need and acted in reckless disregard. While Plaintiff does allege that he was sweating and was having trouble walking, those

allegations are not enough to establish that Nurse Buchannan acted in reckless disregard to Plaintiff's medical needs. To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Plaintiff could have declared a medical emergency, but instead Plaintiff returned to his cell. Even assuming Plaintiff was told he could not declare a medical emergency in the medical unit, he could have declared a medical emergency outside of the medical department or when he returned to his cell. Later that day, Plaintiff did require transportation to the hospital and subsequent surgery, however, hindsight is crystal clear. Nurse Buchannan could not have known that Plaintiff would later require surgery when she told Plaintiff that he would need to declare a medical emergency in order to have his temperature taken when he came to the pill window on July 4, 2004. The Plaintiff's evidentiary forecast simply does not support his claim of deliberate indifference under the eighth amendment.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed and Defendants' Motion for Summary Judgment is GRANTED.

**SO ORDERED.**

Signed: July 23, 2006

Graham C. Mullen
United States District Judge